Filed 7/20/15  P. v. Hernandez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN HERNANDEZ,<br><br>Defendant and Appellant. | B260554<br><br>(Los Angeles County<br>Super. Ct. No. VA134152) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lori A. Fournier, Judge.  Dismissed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Defendant and appellant, Jonathan Hernandez, appeals from the judgment entered following his plea of no contest to second degree robbery (Pen. Code, § 211).[1] The trial court sentenced Hernandez to three years in state prison.

We dismiss Hernandez's appeal as inoperative because he failed to obtain a certificate of probable cause.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[2]

On March 3, 2014, Hernandez's codefendant, Oscar Hernandez, went into an AM/PM Mini Mart and walked out with an 18-pack of beer without paying. The store clerk, Sochchan Singh, ran after Oscar Hernandez and got into a fight with him on the street. Defendant Jonathan Hernandez stepped out of a car, pointed a handgun at Singh, and said, "What's up?" Afraid that he was going to be shot, Singh ran back into the store.

Los Angeles County Deputy Sheriff Juan Medrano arrived at the scene and drove Singh around the neighborhood until Singh spotted the perpetrators' car parked in the driveway of a house. Both Oscar Hernandez and Jonathan Hernandez were inside the house, along with some other people and the stolen beer. Singh identified Oscar Hernandez as the person who grabbed the beer and Jonathan Hernandez as the person who pointed a gun at him. The police did not find any guns either inside the house or in the possession of either defendant.

Singh originally described the gun to Medrano as "a black semiautomatic." But when Singh spoke to Medrano on the day of the preliminary hearing, he described the gun as "a round cylinder revolver."

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The facts have been taken from the record of the preliminary hearing.

2

2. *Procedural history*.

On April 2, 2014, Hernandez was charged by information with second degree robbery, second degree commercial burglary, and a personal firearm use enhancement (§§ 211, 459, 12022.53, subd. (b)).

On May 20, 2014, both defendants accepted a package plea offer whereby each would plead no contest to second degree robbery; the other charges and enhancement allegations would be dismissed. Under the terms of the proposed agreement, Oscar Hernandez would receive a two-year prison sentence and Jonathan Hernandez would receive a three-year prison sentence. After waiving his constitutional rights to a jury trial, to confront witnesses, to remain silent, and to present a defense, Jonathan Hernandez pled no contest to one count of second degree robbery.

On October 2, 2014, defense counsel informed the trial court that Jonathan Hernandez had given him some reasons for wanting to withdraw his no contest plea. However, counsel said, "In my opinion, they do not amount to a legal cause to withdraw the plea. They were factors that we were aware of at the time the plea was entered." The trial court replied, "And I did review the transcript, and there is nothing in the transcript that's a basis to withdraw the plea." The court then sentenced Jonathan Hernandez to the agreed-upon three-year mid-term term for robbery, and ordered him to pay a $300 restitution fine (§ 1202.4), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court suspended a $300 parole revocation fine (§ 1202.45). The court awarded Hernandez presentence custody credit for 214 days actually served and 32 days of good time/work time, for a total of 246 days.

On December 1, 2014, Jonathan Hernandez filed a notice of appeal, checking the box labeled "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." He never applied for a certificate of probable cause.

3

**DISCUSSION**

Hernandez has questioned why he received a three-year sentence when his codefendant, Oscar Hernandez, received only a two-year sentence. Hernandez asserts he should not have received a greater penalty than his codefendant because they pled to the same charges and, in addition, it was not true that he had used a gun and, in fact, he "didn't even do anything." However, the evidence produced at the preliminary hearing demonstrated that he did have a gun which he used to threaten the store clerk. And since his codefendant did not use a gun, this would explain the disparity between their prison terms.

In any event, because Hernandez's claim essentially goes to the validity of his no contest plea, it is not cognizable on appeal without a certificate of probable cause granted by the trial court pursuant to section 1237.5. As Hernandez does not have a certificate of probable cause, his appeal must be dismissed as inoperative. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1094-1099.)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



ALDRICH, J.                                    JONES, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.