Filed 8/27/25  P. v. Happe CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084893 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE423466) |
| SUTTER REINER HAPPE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Dismissed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Tyler L. Krentz, Deputy Attorneys General, for Plaintiff and Respondent.

Sutter Reiner Happe pleaded guilty to burglary, theft from an elderly victim, and grand theft.  At the sentencing hearing on June 27, 2024, the trial court sentenced Happe to six years and eight months in prison, but suspended execution of the sentence and placed Happe on formal probation.  The terms and conditions of that probation included several fines and fees, and 365 days in local custody with release to a residential drug treatment program once a placement became available.  After a separate hearing on September 6, 2024, the court issued an order setting the amount of victim restitution.  On September 18, 2024, Happe filed a notice of appeal initiating proceedings in this court.

In his opening brief, Happe asserts the restitution fine (Pen. Code, § 1202.4[1]), probation revocation restitution fine (§ 1202.44), state surcharge (§ 1465.7, subd. (a)), and theft fine (§ 1202.5) imposed by the court must be stricken because the court failed to pronounce them orally at the sentencing hearing.  The Attorney General responds that Happe's appeal should be dismissed because it is both untimely and because Happe failed to obtain a certificate of probable cause in accordance with section 1237.5.[2]

We agree with the Attorney General that Happe's appeal is untimely and that his failure to obtain a certificate of probable cause also bars some of his claims.  Accordingly, the appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

Happe's elderly robbery victim hired him to work on his car at his house.  While the victim was away, Happe stole cash, tools, guns, and other

---

[1] Subsequent undesignated statutory references are to the Penal Code.

[2] Alternatively, the Attorney General contends affirmance is appropriate because the court orally imposed "all of the proposed terms and conditions of probation," which included the challenged fines and fees.

2

items.  The robbery was captured on video surveillance.  Happe was arrested and the San Diego County District Attorney charged him with first degree burglary (§§ 459, 460, subd. (a), count 1); theft of over $950 from an elder or dependent adult (§ 368, subd. (d), count 2); and grand theft of personal property (§ 487, subd. (a), count 3).

On May 28, 2024, Happe pleaded guilty to all three counts.  In his plea form, Happe declared "under penalty of perjury" that he read and understood each item in the plea.  Happe initialed the plea form stating that he understood his maximum punishment included a "$10,000 fine" and that "conditions of probation" may include that fine.  He also initialed that he understood "I must pay a restitution fine ($300 - $10,000), that I will also be subject to a suspended fine in the same amount, and that I must pay full restitution to all victims."  Happe further acknowledged by his initials that he was giving up his right to appeal "any sentence stipulated herein."  (*Ibid.*)

At the sentencing hearing on June 27, 2024, the trial court sentenced Happe to six years and eight months in state prison, and suspended execution of the sentence.  The trial court then discussed probation, asking Happe if he read and understood the terms and conditions.  Happe responded that he understood the terms and also confirmed his acceptance of the terms and conditions of his probation.  The court then ordered "all of the proposed terms and conditions of probation as your terms and conditions of probation."  The court ordered Happe to spend 365 days in local custody, with credit for time served, releasable to a residential treatment program once a placement opened.  During the hearing, on the parties agreement, the court set a separate hearing for victim restitution and Happe waived his right to be personally present.

The order issued after the June 27, 2024 hearing granting formal probation specified the terms and conditions of probation, including the imposition of $1,371 in fines and fees.  The total included an $820 penalty assessment fine (§ 1465.7, subd. (a)), a $120 court operations assessment (§ 1465.8); a $90 criminal conviction assessment (Gov. Code, § 70373); a $41 theft fine (§ 1202.5); and a $300 restitution fine (§ 1202.4, subd. (b)).  The order also imposed a suspended $300 probation revocation restitution fine (§ 1202.44).  The order reserved the imposition of victim restitution for two years and specified the fines and restitution were to be paid at $50 per month.

The victim restitution hearing took place on September 6, 2024.  The trial court ordered restitution of $66,921, payable at $35 per month.  On September 18, 2024, Happe filed a notice of appeal.  The notice identifies the order being appealed as dated "09/06/2024."  The notice states that the "appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."  Happe did not request a certificate of probable cause.

DISCUSSION

A defendant may appeal from "a final judgment of conviction" and "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subds. (a)–(b).)  "[A]n order granting probation" is an appealable final judgment.  (§ 1237, subd. (a); see *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 (*Ramirez*).)  "A criminal appeal must generally be filed within 60 days of the making of the order being appealed.  (Cal. Rules of Court, rule 8.308(a).)  'A timely notice of appeal … is "essential to appellate jurisdiction." ' " (*Ramirez,* at pp. 1420–1421.)

4

In his opening brief, Happe challenges only certain fines and fees that were imposed in the June 27, 2024 order granting formal probation. That order was an appealable order. Happe, however, did not file a notice of appeal until September 18, 2024, more than 60 days after the June 27, 2024 order, and after the court imposed victim restitution at the subsequent hearing on September 6, 2024. The notice of appeal itself indicated Happe was appealing from the September 6 victim restitution order.

Accordingly, Happe's appeal is untimely as it relates to the June 27, 2024 probation order and this court lacks jurisdiction to consider the issues raised in his opening brief, which relate solely to that order. (See *Ramirez, supra*, 159 Cal.App.4th at p. 1421 ["an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.] Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal"].) As a result, dismissal is required. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 (*Mendez*) ["An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal' "].)

Dismissal of Happe's challenge to the restitution fines is also required because Happe failed to seek a certificate of probable cause in the trial court. Section 1237.5 requires a defendant who pleaded guilty to obtain a certificate of probable cause before they can appeal certain issues. "Section 1237.5 has as its purpose 'to promote judicial economy' [citation] 'by screening out wholly frivolous guilty … plea appeals before time and money are spent' on such matters as the preparation of the record on appeal [citation], the appointment

5

of appellate counsel [citation], and, of course, consideration and decision of the appeal itself.' " (*Mendez, supra*, 19 Cal.4th at p. 1095.)

" 'In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." ' " (*People v. Buttram* (2003) 30 Cal.4th 773, 781.) "[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself," and is therefore barred without a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 79.) Appellants must "strictly comply with section 1237.5." (*Panizzon,* at p. 89, fn. 15; see also *Mendez, supra*, 19 Cal.4th at p. 1098.)

Here, Happe agreed to pay restitution fines on his plea form and waived his right to appeal any sentence. In his plea bargain form, Happe agreed that he "must pay a restitution fine ($300 - $10,000), that [he would] also be subject to a suspended fine in the same amount, and that [he must] pay full restitution to all victims." Further, Happe stated he understood his maximum punishment included a "$10,000 fine" and that the "conditions of probation" may include such a fine. Happe also agreed to give up his "right to appeal . . . any sentence stipulated herein."

Happe asks this court to strike the restitution fines based on the trial court's failure to orally pronounce them. Because this is a challenge to the trial court's power to impose the fines, it constitutes a challenge to the substance of his plea bargain. Thus, Happe's failure to obtain a certificate of probable cause requires his appeal as it relates to the restitution fines to be dismissed under section 1237.5.

6

DISPOSITION

The appeal is dismissed.

McCONNELL, P. J.

WE CONCUR:


DO, J.


BUCHANAN, J.