Filed 3/15/13  P. v. Paul CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT PAUL,<br><br>        Defendant and Appellant. | A136635<br><br>(County of Mendocino<br>Super. Ct. No. SCUK-CRCR 12-21083-02) |

Defendant appeals from pleas of no contest pursuant to California Rules of Court, rule 8.304(b).  His request for a certificate of probable cause was denied by the trial court on September 18, 2012.

Appellant was charged in an information with battery on a peace officer (Pen. Code, § 243, subd. (c)(2)), resisting an officer (Pen. Code, § 69), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and misdemeanor crime of giving a false name to a policeman (Pen. Code, § 148.9, subd. (a)).  The information alleged a great bodily injury enhancement pursuant to Penal Code section 12022.7, subdivision (a)  regarding the battery and resisting counts.  On June 14, 2012, the possession of methamphetamine charge in count III was reduced to a misdemeanor, and appellant entered no contest pleas to all counts, and admitted the enhancements under Penal Code section 12022.7.

On July 27, 2012, appellant was sentenced to five years in state prison, consisting of a two-year midterm sentence on the battery charge in count I, with a consecutive three-

year term for the 12022.7 enhancement. The terms for the resisting offense in count II and its enhancement were stayed pursuant to Penal Code section 654. A six-month concurrent term was imposed on the misdemeanor possession offense as well as the false identification charge.

Appellant filed his notice of appeal on September 14, 2012. His request for a certificate of probable cause was denied.

Appellate counsel has reviewed the file in this case and has determined there are no meritorious issues to raise on appeal. She has complied with the relevant case authorities. (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.) Defendant was notified of his right to file a supplemental brief, but has not done so. Upon independent review of the record, we conclude that no arguable issues are presented for review, and affirm the judgment.

We have reviewed the record in this case. A hearing based on *People v. Marsden* (1970) 2 Cal.3d 118 was conducted a week before the plea. A review of the proceedings indicates appellant was concerned about a lack of communication between himself and trial counsel. At the time, the trial counsel had been engaged in a homicide trial. He indicated he was now focusing on appellant's matter. At the end of the hearing, appellant advised the court he was satisfied with the hearing. No further challenge based on *Marsden* was presented during the history of the case.

The trial court properly questioned the appellant before accepting his pleas of no contest and admission of the enhancement. The court specifically asked appellant if he had had sufficient time to discuss the pleas with his trial counsel, the same attorney he had during the *Marsden* hearing. Appellant indicated he had. Also, the court directly asked appellant if he had any questions with the court before entering his pleas, and appellant indicated he did not nor did he need to discuss the entry of pleas with counsel before he in fact pleaded no contest to the charges.

In this instance the trial court did not make a finding of probable cause. Appellant made a request based on the issues presented in his *Marsden* hearing and the sufficiency of evidence of great bodily injury. We have already addressed the first contention. Regarding the issue of the enhancement, the injured officer suffered a separated shoulder as a result of the struggle with appellant. He was unable to return to full duty for a minimum of six months. Additionally, appellant admitted the enhancement was true when he entered his no contest plea.

Under *People v. Mendez* (1999) 19 Cal.4th 1084, 1095, a review of a plea is permitted if a court has issued a certificate of probable cause. Otherwise, an appellant cannot appeal a nolo plea challenging the legality of the plea process. This rule seeks to ensure judicial economy. Under the facts of this case, we adopt this rationale without hesitation.

We affirm the judgment.

_____
Dondero, J.

We concur:

_____
Margulies, Acting P. J.

_____
Banke, J.

3