Filed 3/29/13  P. v. Zeisler CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL J. ZEISZLER,<br><br>        Defendant and Appellant. | A136991<br><br>(San Mateo County<br>Super. Ct. Nos. SC073016, SC075017) |

Appellant Daniel Zeisler[1] received probationary sentences in two separate felony cases, each charging possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  He was subsequently found in violation of the terms of his probation, following a contested evidentiary hearing, and sentenced to a two-year term in the county jail, pursuant to Penal Code section 1170, subdivision(h)(5)(A).

Assigned counsel has submitted a *Wende*[2] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Zeisler has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been submitted.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

---

[1] The trial court pleadings and appellant's brief identify appellant as Daniel Zeiszler.  At the probation revocation hearing, appellant testified that the correct spelling of his name is Zeisler.  We will therefore use the latter spelling.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

We find no arguable issues and therefore affirm.

## I.     BACKGROUND

In case No. SC073016, Zeisler was convicted on March 21, 2011, on a no contest plea to one felony count of possession of a controlled substance, and placed on Proposition 36 probation.  On February 22, 2012, Zeisler entered a plea of guilty to one felony count of possession of a controlled substance in case No. SC075017.  He admitted violating his probation in case No. SC073016 as a result of that new offense.  He was granted probation on the new case and reinstated to probation on the earlier matter.  A condition of probation in both matters was that Zeisler report to his probation officer.

On April 25, 2012, affidavits were filed in each matter, alleging a violation of probation based on Zeisler's failure to report to the probation department.  On July 30, 2012, he admitted the violations and probation in each case was revoked and reinstated on the original terms.  Zeisler was specifically directed to contact probation officer Lesley Roehr.

On September 13, 2012, new affidavits were filed in each case, alleging Zeisler had violated probation by commission of new offenses (petty theft, false identification to a peace officer and possession of paraphernalia) and by failure to report to probation as directed.

A contested probation revocation hearing was held on October 12, 2012.  Roehr testified that Zeisler's probation terms required that he obey all laws and report to the probation department.  Zeisler had never reported, written, or left any messages.

A loss prevention employee of Marshalls department store testified that he saw Zeisler take two white boxes off the shelves in the fragrance department and conceal them under his shirt.  Zeisler was followed out of the store and into the parking lot. Zeisler skated off on a skateboard, but was pursued and apprehended.  The boxes were found in the backpack that Zeisler was carrying.

Zeisler denied that he had taken the boxes from the store, and said he went into the store only to use the restroom.  He testified that he had found the boxes in a walkway near the store, and that he ran from the Marshall's employees when he saw them running

2

after him. Zeisler admitted to being in possession of used needles, and agreed that he gave a false name to the arresting officer because he believed there might be a warrant out for his having failed to report to probation. Zeisler admitted that he was aware of the requirement that he report to the probation department and that he was aware of the order that he report to Roehr. Zeisler acknowledged that he had not done so.

The court sustained the petition allegations and found Zeisler in violation of his probation conditions by virtue of having committed a petty theft, and by failure to report to the probation officer as directed. Probation was revoked and terminated, and the midterm sentence of two years in county jail was imposed on each of the underlying offenses (Pen. Code, § 1170, subd. (h)), with the terms to run concurrently. One year of the sentence was ordered suspended, with Zeisler to be subject to supervised release. Zeisler received total custody credits of 144 days on case No. SC075017 (72 days actual time served and 72 days good time/work time credit) and 128 days on case No. SC073016 (64 days actual time served and 64 days of good time/work time credit). His request that the court reduce his convictions to misdemeanors, pursuant to Penal Code section 17, subdivision (b) was denied.

Zeisler's attorney said that his client "would like to talk about withdrawing his plea," but said that he had explained to Zeisler that "it's too late to do that." The court told Zeisler that nothing precluded him "from getting an attorney to file that motion, if you wish to do so." The record reflects no such motion made in either matter.

Zeisler filed timely notices of appeal in each matter.

## II.    DISCUSSION

We find no arguable issues. Zeisler was represented by competent counsel throughout the proceedings. No certificate of probable cause (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)) was sought in either matter, and thus no issue relating to Zeisler's pleas are cognizable. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099.) At the revocation hearing, Zeisler was allowed to confront and cross-examine the witnesses against him, and to present evidence on his own behalf. Substantial evidence supports the court's finding that Zeisler violated the terms and conditions of his probation. He

3

received all applicable custody credits.  No abuse of the trial court's "broad discretion" in sentencing is shown.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

### III.  DISPOSITION

The judgment is affirmed.


_____
Bruiniers, J.


We concur:


_____
Jones, P. J.


_____
Simons, J.