Filed 9/9/13  P. v. James CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>BRYAN JAMES,<br><br>  Defendant and Appellant. | B243957<br><br>(Los Angeles County<br>Super. Ct. No. TA117646) |

THE COURT:[*]

　　　Bryan James (defendant) appeals following his plea of "no contest" in case No. TA117646 to one count of driving or taking a motor vehicle in violation of Vehicle Code section 10851, subdivision (a).  Defendant admitted the allegation that he had suffered a prior conviction of a serious or violent felony within the meaning of Penal Code section 667, subdivisions (b) through (i).[1]  The trial court imposed the midterm of two years in state prison to run concurrently to defendant's sentence in another case in

---

[*]　　　BOREN, P.J., CHAVEZ, J., FERNS, J.[**]

[**]　　　Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]　　　All further references to statutes are to the Penal Code unless stated otherwise.

which, during the same proceeding, defendant was sentenced to 180 years to life plus 56 years.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that he had been unable to find any arguable issues. On April 9, 2013, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

Because defendant pleaded "no contest," we obtain the facts from the probation report. Los Angeles Police Department officers on patrol observed a Dodge Charger with paper plates traveling in the opposite direction. When they tried to conduct a traffic stop, defendant kept driving to a gas station. There, he jumped out of the moving car, which collided into a pole. Defendant fled and the officers pursued him on foot. Defendant disregarded commands to stop and get onto the ground, and he continued to flee. After air and K-9 units were called in, defendant was apprehended. A record check revealed that the car was reported stolen. Defendant spontaneously told officers that the car was just a rental he did not return, and he did not want to go to jail on his birthday.

The record shows that defendant made no application for a certificate of probable cause before filing an appeal. Section 1237.5 provides, in pertinent part, "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal . . . ."

California Rules of Court, rule 8.304(b)(1) provides in pertinent part that "Except as provided in (4), to appeal from a superior court judgment after a plea of guilty or nolo contendere . . . the defendant must file in that superior court with the notice of appeal required by (a)—the statement required by Penal Code section 1237.5 for issuance of a certificate of probable cause." Rule 8.304(b)(3) provides "[i]f the defendant does not file

2

the statement required by (1) or if the superior court denies a certificate of probable cause, the superior court clerk must mark the notice of appeal 'Inoperative,' notify the defendant, and send a copy of the marked notice of appeal to the district appellate project." Rule 8.304(4) provides that the defendant need not comply with (1) if the notice of appeal states that the appeal is based on denial of a motion to suppress evidence or grounds that arose after entry of the plea that do not affect the validity of the plea. In *People v. Mendez* (1999) 19 Cal.4th 1084, the California Supreme Court interpreted former rule 31(d), which corresponds to current rule 8.304(b)(1)-(3), and held that section 1237.5 and its implementing rules of court "should be applied in a strict manner." (*People v. Mendez*, at p. 1098.)

Defendant has not claimed that his appeal is based on the denial of a motion to suppress evidence or grounds that arose after entry of the plea that do not affect the validity of the plea. Defendant did not raise any objections during his sentencing hearing. Therefore, because defendant entered a plea of "no contest" and failed to apply for a certificate of probable cause, his appeal must be dismissed.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.