Filed 3/17/14  P. v. Ramos CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B250670 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA100248) |
| v. | |
| EVERARDO RAMOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wade D. Olson, Judge.  Dismissed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Everardo Ramos appeals from the judgment entered following his no contest plea to committing a forcible lewd act upon a child under the age of 14. (Pen. Code, § 288, subd. (b)(1).)[1] We dismiss the appeal.

## PROCEDURAL HISTORY

On March 19, 2013, the Los Angeles County District Attorney's Office filed an information charging defendant with committing a forcible lewd act upon a child under the age of 14 and with committing a lewd act upon a child under the age of 14. (§ 288, subds. (a), (b)(1).)

On July 30, 2013, defendant entered a no contest plea to a violation of section 288, subdivision (b)(1), pursuant to an agreement that he would receive eight years in prison. Upon entering the plea, he was immediately sentenced to eight years. This appeal followed.

On August 29, 2013, this court advised defendant by letter that his notice of appeal did not comply with California Rules of Court, rule 8.304(b) (rule 8.304(b)) and section 1237.5. Because he had entered a no contest plea, defendant was required to obtain a certificate of probable cause from the trial court because he did not state that his appeal was based on the sentence or other matters that occurred after the entry of his plea. He was informed that his appeal was subject to dismissal.

On September 11, 2013, an attorney for defendant filed an amended notice of appeal. The box on the form which states that the appeal "is based on the sentence or other matters occurring after the plea" was checked.

---

[1] All further statutory references are to the Penal Code.

2

## DISCUSSION

Defendant's court-appointed appellate counsel filed a brief that raised no issues and asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On December 9, 2013, this court sent a letter to defendant informing him of the nature of the brief that had been filed and advising him he had 30 days to file a supplemental brief raising any issues that he wished for us to consider.  To date, we have received no response.

As set forth above, because he entered a no contest plea, defendant was required to obtain a certificate of probable cause.  His failure to do so bars this court from proceeding to the merits of the appeal with respect to the validity of the plea.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099.)  However, we may consider issues unrelated to the validity of the plea under rule 8.304(b)(4), which provides that an appellant need not obtain a certificate of probable cause if the notice of appeal states the appeal is based on the denial of a motion to suppress evidence under section 1538.5 or grounds that arose after entry of the plea and do not affect the plea's validity.  If a notice of appeal complies with rule 8.304(b)(4), we are nonetheless barred from addressing certificate issues that attack the validity of the plea.  (*Ibid.*)

We have independently reviewed the record.  We are satisfied there are no arguable issues.  More specifically, there is no basis to challenge the judgment based on matters that occurred after the entry of the plea, and defendant identified no such issues.[2] As a result, defendant's failure to obtain a certificate of probable cause and raise any issue that would make this appeal operative pursuant to rule 8.304(b)(4) compels us to dismiss the appeal.

---

[2]  Defendant did not file a section 1538.5 motion seeking to suppress evidence.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.[*]

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.