Filed 8/19/14  P. v. Nevarez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT NEVAREZ,<br><br>    Defendant and Appellant. | B253120<br><br>(Los Angeles County<br>Super. Ct. No. GA084351) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Candace Beason, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Elizabeth A. Courtenay, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Albert Nevarez (defendant) appealed from a judgment of conviction following his no contest plea to two counts of second degree robbery.[1]  On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any issues which if resolved in defendant's favor would require reversal or modification of the judgment or appealable order.  On June 4, 2014, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider.  Defendant did not file a response brief or letter.  After independently reviewing the record, we affirm the judgment.

## BACKGROUND

The District Attorney of Los Angeles County filed an information charging defendant with four counts of second degree robbery in violation of Penal Code section 211 (counts 1 through 4); two counts of assault with a firearm in violation of Penal Code section 245, subdivision (a)(2) (counts 5 and 11); one count of second degree burglary in violation of Penal Code section 459 (count 6); four counts of false imprisonment by violence in violation of Penal Code section 236 (counts 7 through 10); one count of petty theft in violation of Penal Code section 484, subdivision (a) (count 12); and one count of dissuading a witness in violation of Penal Code section 136.1, subdivision (c)(1) (count 13).  The District Attorney alleged as to counts 1 through 11, and 13, that a principal was

---

[1]  Defendant did not obtain a certificate of probable cause.  (Pen. Code, § 1237.5.)  Accordingly, defendant's appeal is limited to "[g]rounds that arose after entry of the plea and do not affect the plea's validity."  (Cal. Rules of Court, rule 8.304(b)(1) and (4); *People v. Mendez* (1999) 19 Cal.4th 1084, 1099.)

armed with a handgun pursuant to Penal Code section 12022, subdivision (a)(1); the offenses were committed for the benefit of a street gang pursuant to Penal Code section 186.22, subdivisions (b)(1)(B) and (C), and (b)(4); and the offenses were serious or violent felonies pursuant to Penal Code sections 290, subdivision (c), and 1170, subdivision (h)(3). The District Attorney alleged as to counts 1 through 4, and 6 through 10, that defendant personally used a firearm in the commission of these offenses pursuant to Penal Code section 12022.53, subdivisions (b) and (e)(1).

Defendant entered a plea of no contest to two counts of second degree robbery (counts 1 and 2) and admitted the gang enhancement under Penal Code, section 186.22, subdivisions (b)(1)(B). Pursuant to a plea bargain, the trial court sentenced defendant to state prison for a term of 10 years, consisting of a high term of five years on count 1; a midterm of three years on count 2, stayed; and five years for the gang enhancement. It ordered defendant to pay various fines and assessments, and to make restitution payments to the victims. The trial court also awarded defendant custody credit.

Defendant filed a motion to modify his sentence under Penal Code, section 1170, subdivision (d). The trial court denied the motion because "defendant entered into a plea agreement for a particular sentence which is what he received." Defendant timely appealed. In his form notice of appeal, defendant checked the box that states that his appeal is based on his sentence or other matters occurring after the plea that do not affect the validity of the plea.

## DISCUSSION

We have made an independent examination of the entire record to determine if there are any other arguable issues on appeal. Based on that review, we have determined that there are no arguable issues on appeal. We are therefore satisfied that defendant's counsel has fully complied with her responsibilities under *People v. Wende*, *supra*, 25 Cal.3d 436.

**DISPOSITION**

We affirm the judgment.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                              MOSK, J.


We concur:



        TURNER, P. J.



        KRIEGLER, J.