Filed 6/10/15  P. v. Patterson CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GEORGE CONWAY PATTERSON, <br><br> Defendant and Appellant. | F068461 <br><br> (Super. Ct. Nos. 1438598 & 1449498) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Franson, J. and Peña, J.

George Conway Patterson pled no contest to three crimes in two separate cases. Pursuant to the agreement of the parties, he was sentenced to a total of three years eight months (with the sentence in the other case to run concurrently). Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. By letter dated April 29, 2014, we invited Patterson to submit additional briefing. To date he has not done so.

Patterson's notice of appeal did not seek a certificate of probable cause. Nor did it identify any issues on appeal for which a certificate was not required. Accordingly, we will dismiss the appeal.

## FACTUAL AND PROCEDURAL SUMMARY

This case involves two separate cases against Patterson. In the first case (case No. 1438598), Patterson was charged with carrying a concealed dirk or dagger (hereafter the concealed weapon case). (Pen. Code, former § 12020, subd. (a)(4),[1] now see § 21310.) In addition, the information alleged three prior prison sentences within the meaning of section 667.5, subdivision (b). Patterson pled no contest to the charge and admitted one prior prison term for an agreed-upon sentence of three years (midterm of two years plus a one-year enhancement). The trial court granted the prosecution's motion to dismiss the remaining two prison priors. The three-year sentence was comprised of 18 months in county jail and 18 months on supervised release.

Six months later Patterson was charged in case No. 1449498 with evading a police officer (Veh. Code, § 2800.2, subd. (a)) and auto theft (*id.*, § 10851, subd. (a)) (hereafter the auto theft case). The complaint also alleged the same three prior convictions that resulted in a prison sentence pursuant to section 667.5, subdivision (b). These charges apparently also resulted in the filing of a petition for violation of supervised release in the concealed weapon case.

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

2.

Patterson pled no contest to both counts in the auto theft case, with the trial court providing an indicated sentence of three years eight months. The trial court granted the prosecution's motion to dismiss the prior prison term enhancements. Patterson also admitted the violation of supervised release in the concealed weapon case.

Patterson was sentenced to three years eight months in the auto theft case. He received credit for time served in custody of 842 total days (421 actual plus 421 good time/work time). Patterson was sentenced to three years in the concealed weapon case, with the sentence to run concurrently with the sentence in the auto theft case. He was given credits for time served in custody of 878 total days (439 actual plus 439 good time/work time).

Trial counsel filed a notice of appeal on Patterson's behalf. No grounds were identified, and the notice of appeal did not include an application for a certificate of probable cause.

## DISCUSSION

Generally, section 1237.5 precludes an appeal from the judgment entered after a guilty plea unless the defendant applies for, and the trial court grants the defendant, a certificate of probable cause. Without a certificate of probable cause, the issues raised by the defendant are not reviewable. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.)

There are two exceptions to this general rule. A defendant does not need a certificate of probable cause to appeal when the appeal addresses postplea matters not challenging the plea's validity or when the issue is the lawfulness of a search or seizure that was first contested in the trial court before the defendant entered a plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096 (*Mendez*); Cal. Rules of Court, rule 8.304(b)(4).)

The reason for this rule requiring a certificate of probable cause is to promote judicial economy by refusing to review frivolous guilty plea appeals before time and money are spent. (*Mendez, supra,* 19 Cal.4th at p. 1095.) A court of appeal "generally may not proceed to the merits of the appeal, but must order dismissal thereof, unless the

defendant has filed a statement of certificate grounds as an intended notice of appeal, and has obtained a certificate of probable cause, in full compliance therewith." (*Id.,* at p. 1099.) The exception to the general rule is "if the defendant has based his [or her] appeal solely on noncertificate grounds and has filed a notice of appeal so stating. [The appellate court] may accordingly address noncertificate issues. But it must decline to address certificate issues: the presence of a notice of appeal stating noncertificate grounds does not supply the absence of a statement of certificate grounds and a certificate of probable cause." (*Ibid*.) The noncertificate grounds referred to in *Mendez* are, of course, postplea matters and the lawfulness of a search or seizure.

Patterson failed to apply for or obtain a certificate of probable cause. His notice of appeal does not identify any noncertificate grounds as a basis for this appeal. Indeed, the notice of appeal does not identify any grounds for appeal. We note Patterson did not file a motion to suppress any evidence. Nor did we identify any arguable issues in the postplea proceedings. Accordingly, we order the appeal dismissed.

**DISPOSITION**

The appeal is dismissed.