Filed 6/26/15  P. v. Uriostegui CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SERGIO URIOSTEGUI, <br><br> Defendant and Appellant. | F069016 <br><br> (Super. Ct. Nos. CRM021830 & CRM028505B) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Merced County.  Marc A. Garcia, Judge.

Elaine Forrester, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, State of California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Gomes, J. and Peña, J.

Sergio Uriostegui initially was charged with various offenses as a result of an attack on the mother of his children. He pled no contest to assault with a firearm and was placed on probation pursuant to a plea agreement. While he was on probation for this offense, Uriostegui was charged with possession of a firearm by a felon. The information also contained other charges and various enhancements. Pursuant to a plea agreement, Uriostegui pled to the possession charge and admitted a gang enhancement. He was sentenced to a prison term of four years. Uriostegui also admitted he violated his probation in the first case and was sentenced to a concurrent term of two years on that offense.

Uriostegui filed a notice of appeal and included a request for a certificate of probable cause in his notice. The trial court failed to rule on the request. In the interest of judicial economy, we will treat the appeal as if the trial court had granted the request and issued a certificate of probable cause.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting she could not identify any arguable issues in this case. By letter dated July 10, 2014, we invited Uriostegui to inform this court of any error he felt had occurred in the trial court. Uriostegui did not respond to our letter.

Our independent review of the record did not identify any arguable issues. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

In 2012 Uriostegui pled no contest to the charge of assault with a firearm, in violation of Penal Code section 245, subdivision (a)(2).[1] (Case No. CRM021830, hereafter the assault case.) He was sentenced to formal probation, including a year in jail, and a no contact order with the victim, the mother of Uriostegui's children.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

Later that year Uriostegui admitted he violated probation by contacting the victim and associating with gang members. Probation was revoked and reinstated and Uriostegui was ordered to serve 60 days in jail.

In January 2013, the probation department filed a second petition alleging Uriostegui violated probation. Uriostegui was not arraigned on this petition until May. The petition alleged Uriostegui violated probation by failing to obey all laws and by contacting the victim. Uriostegui was arrested in another county on a drunk driving charge. Uriostegui admitted he violated probation. Probation was revoked and reinstated on the condition Uriostegui spend 120 days in jail.

A third violation of probation petition was filed in July 2013. The basis of this petition was that Uriostegui again had failed to obey all laws. In this instance, Uriostegui and another gang member were in a vehicle stopped for a Vehicle Code violation. Both gang members were found to be in possession of stolen firearms.

This incident resulted in a second action being filed against Uriostegui. He was charged with numerous crimes, and the information alleged numerous enhancements. (Case No. CRM028505B, hereafter the firearm case.) A plea agreement eventually was reached to dispose of both actions. Uriostegui agreed to plead no contest to possession of a firearm by a felon (§ 29800, subd. (a)(1)) and to admit a gang enhancement (§ 186.22, subd. (b)). He would be sentenced to a midterm of two years on this count and the low term of two years for the enhancement on the firearm case, for a total prison sentence of four years. In addition, Uriostegui would be sentenced to a concurrent term on the assault case. The remaining counts and enhancements were to be dismissed. Uriostegui pled no contest to the charge in the firearm case, admitted he violated probation in the assault case, and was sentenced to the agreed-upon term in both cases.

## DISCUSSION

Uriostegui's notice of appeal contained a request for a certificate of probable cause pursuant to the provisions of section 1237.5. The trial court failed to rule on the request, in violation of California Rules of Court, rule 8.304(b)(2). While this omission could be addressed by remanding the matter to the trial court to obtain a ruling, in the interests of judicial economy we will proceed as if the trial court had granted the request.

The certificate of probable cause is designed to promote judicial economy by refusing to review frivolous guilty plea appeals before time and money are spent preparing the record and reviewing the appeal. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) "The trial court is empowered to review the statement of the grounds of the appeal to preclude those appeals which raise no issues cognizable after a guilty plea or which raise cognizable issues which are 'clearly frivolous and vexatious….' [Citations.] [¶] It is not the trial court's responsibility to determine if there was an error in the proceedings. The trial court's sole objective is to eliminate those appeals 'having no possible legal basis' by refusing to issue a certificate of probable cause." (*People v. Holland* (1978) 23 Cal.3d 77, 84, overruled on other grounds in *Mendez,* at pp. 1097-1098.) In this case, the trial court should have denied Uriostegui's request for a certificate of probable cause, if it had ruled on it.

The lengthy request appears to assert that Uriostegui was told by his attorney that one of the counts to which he pled would not constitute a strike. Uriostegui further contends that the document he signed was changed after he signed it to reflect the count would constitute a strike.[2]

It is unclear to which plea Uriostegui is referring. However, it makes no difference to the outcome of this proceeding. Uriostegui signed and initialed an

---

[2]We presume Uriostegui is referring to a conviction that constitutes a strike within the meaning of section 667, subdivisions (b) through (i).

"Advisement of Rights, Waiver, and Plea Form" in both cases. In the assault case, the plea form twice indicated the charge to which Uriostegui agreed to plead to was a strike. The second reference to a strike stated, "Count 1 is a strike. Future felony convictions will carry greater penalties and less good time credit." Uriostegui placed his initials next to both boxes that stated the conviction would be a strike. In the firearm case, the plea form stated, "This is a strike pursuant to the Third strike you're out law." Uriostegui placed his initials in the box next to this statement. The only purpose for the language in the boxes quoted above in both plea forms was to advise Uriostegui his plea would result in a conviction that constituted a strike within the meaning of section 667, subdivisions (b) through (i). By placing his initials in these boxes, Uriostegui was acknowledging this fact.

Our review of the remainder of the record did not disclose any arguable issues.

## DISPOSITION

The judgment is affirmed.