Filed 12/14/15  P. v. Boccara CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>MARCO SERGIO BOCCARA,<br><br>          Defendant and Appellant. | A144026<br><br>(San Mateo County<br>Super. Ct. No. SC078247A) |

Marco Boccara was placed on felony probation in the San Mateo Superior Court following his admission to possession of heroin.  He was not successful.  His original Proposition 36 probation was terminated after several failures to report to the probation officer and arrests for new offenses.  Boccara was continued on probation.  His probation was again revoked for failure to report to the probation officer.  On December 31, 2014, he admitted the violations.  The court sentenced him to a 44-day term in county jail, with probation to terminate upon his release.  His hand-written notice of appeal states that it is taken from the "judgment."[1]

Assigned counsel has submitted a *Wende*[2] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that she has attempted to advise Boccara of his right to personally

---

[1] Boccara also admitted violation of his terms of probation in a separate matter and received a concurrent county jail term.  The only notice of appeal was filed in the instant case.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

1

file a supplemental brief raising any points which he wishes to call to the court's attention.[3] No supplemental brief has been submitted. As required, we have independently reviewed the record. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

We find no arguable issues and therefore affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

Boccara was arrested by Foster City police officers on May 17, 2013, on an outstanding warrant for his arrest.[4] He was searched incident to that arrest and officers found crack cocaine, heroin, marijuana, clonazepam pills, and two glass pipes on his person. Boccara was charged with several drug-related offenses and, on May 29, 2013, pled guilty to a felony violation of Health and Safety Code section 11350 (possession of heroin). The remaining charges were dismissed on the district attorney's motion. Boccara was placed on supervised probation for a period of three years under Proposition 36. He admitted probation violations on September 9, 2013, and on June 24, 2014. On his second violation, the court reinstated probation, but excluded Boccara from Proposition 36 treatment.

On December 15, 2014, the court reduced Boccara's felony conviction to a misdemeanor pursuant to Proposition 47. (Pen. Code, § 1170.18.) On December 31, 2014, Boccara admitted a further violations of probation for failure to report to his probation officer and probation was terminated. The court ordered him to serve 44 days in county jail, and ordered credit for 44 days served, with probation to terminate upon his release.

Boccara filed a timely notice of appeal on January 12, 2015.

---

[3] Counsel's declaration states that she has tried repeatedly to locate and communicate with Boccara at his last known address, but she has been unable to contact him and mail to him was returned undelivered. Counsel earlier moved to abate this appeal on the basis that mail sent to Boccara had been returned with a notation that he was deceased. We denied the motion absent evidence confirming his death. Counsel avers that she has sent to Boccara's last known address a copy of the opening brief.

[4] Facts of the underlying offenses are taken from the probation officer's memorandum and request for a bench warrant.

## II.    DISCUSSION

No cognizable issues are before us relating to Boccara's guilt or to his plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1097.)  Boccara was represented by counsel at the probation revocation hearing and made a knowing and voluntary admission of the violations.  No abuse of the trial court's "broad discretion" in sentencing is shown. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  No arguable issues are presented.

## III.    DISPOSITION

The judgment is affirmed.


_____
BRUINIERS, J.


WE CONCUR:


_____
JONES, P. J.


_____
NEEDHAM, J.