Filed 9/30/16  P. v. Demerson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>EDWARD DEMERSON,<br><br>        Defendant and Appellant. | B270431<br><br>(Los Angeles County<br>Super. Ct. No. BA434633) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

        Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance by Plaintiff and Respondent.

An information, filed on September 23, 2015, charged appellant Edward Demerson with two counts: (1) threatening a public officer in violation of Penal Code section 71,[1] a felony (count 1); and (2) assault on a custodial officer in violation section 241.1, a felony (count 2). It also alleged that appellant had three prior serious or violent felony convictions (§§ 667, subd. (d), 1170.12, subd. (b)), and had served nine prior prison terms within the meaning of section 667.5, subdivision (b). According to the preliminary hearing transcript, both counts were based on an incident in a courthouse in which appellant orally threatened and attempted to strike a sheriff's deputy.

Pursuant to a plea agreement, appellant pleaded no contest to count 1. The court found a factual basis for the plea, and dismissed count 2 and the other allegations. Under the plea agreement, the court sentenced appellant to 16 months in prison to run concurrently with his sentence in another unrelated case. The court also imposed a restitution fine of $400 (§§ 1202.4, 1202.45), required fees and assessments (§ 1465.8(a)(1); Gov. Code, § 70373). Appellant filed a notice of appeal.

We appointed counsel to represent appellant in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On July 11, 2016, we directed appointed counsel to immediately send the record on appeal and a copy of the opening brief to appellant. We notified appellant that within 30 days from the date of the notice he could submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We received no response.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and, as we discuss below, that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

2

No appeal lies to challenge the validity of a guilty plea unless a defendant has complied with section 1237.5 by obtaining a certificate of probable cause from the trial court. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1088.) A defendant may, however, obtain review on appeal of so-called "noncertificate" issues[2] if the notice of appeal states such grounds. (*Ibid*.) Here, appellant does not challenge the validity of his plea. Instead, his notice of appeal indicates that his appeal is based on the sentence or other matters after the plea that do not affect the validity of the plea. He did not, however, identify any noncertificate grounds in his notice of appeal nor submit a brief or letter advancing any such grounds. Further, our own review has not identified any noncertificate issue warranting appellate review. Accordingly, the judgment is affirmed.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



JOHNSON, J.

---

[2] Noncertificate issues are: "The denial of a motion to suppress evidence under . . . section 1538.5" or "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b)(4).)

3