Filed 5/7/21  Jimenez v. Martinez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| DANIEL CHONG JIMENEZ, as personal representative, et. al, | D077183 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. ECU000630) |
| ABDON HUMBERTO HERNANDEZ MARTINEZ, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Affirmed.

Law Offices of Francisco Javier Aldana and Francisco J. Aldana for Plaintiffs and Appellants.

Nixon Peabody, Bruce E. Copeland and Stacy M. Boven for Defendant and Respondent.

# I

# INTRODUCTION

Plaintiffs Hector Daniel Chong Manriquez and Ana Maria Jimenez Garcia appeal an order dismissing defendant Abdon Humberto Hernandez Martinez (Hernandez) from a lawsuit the plaintiffs filed against Hernandez and several other named defendants.[1]  The trial court entered the dismissal order after granting Hernandez's motion to quash service of summons.  The court quashed service of summons on grounds that the summons and complaint were not served on Hernandez in a manner required by law and California courts did not have personal jurisdiction over Hernandez.

On appeal, the plaintiffs challenge the trial court's finding that California courts did not have personal jurisdiction over Hernandez.  However, the plaintiffs failed to timely appeal the order granting Hernandez's motion to quash service of summons.  Therefore, the issues presented in the order quashing service of summons—including issues concerning whether California courts had personal jurisdiction over Hernandez—are barred by the doctrine of res judicata.  Even if res judicata did not apply, the plaintiffs make no arguments in their appellate briefing concerning the trial court's finding of improper service of the summons and complaint.  Accordingly, they have failed to address one of the two alternative grounds on which the trial court quashed service of summons.

For both of these reasons, we affirm the order of dismissal.

---

[1]     During oral argument, this court was notified that Manriquez passed away while the appeal was pending.  On May 5, 2021, we granted an unopposed motion to substitute personal representative Daniel Chong Jimenez, Manriquez's son, for the deceased Manriquez.  (Cal. Rules of Court, rule 8.36(a).)  For clarity, we will refer to Jimenez and Garcia collectively as the plaintiffs when we discuss their arguments on appeal.

## II

## BACKGROUND

On October 23, 2018, the plaintiffs filed a complaint against five named defendants and unnamed Doe defendants. The plaintiffs alleged the defendants engaged in fraud and other illegal conduct in connection with the sale and purchase of real property located in Mexico. On June 24, 2019, the plaintiffs substituted Hernandez as a Doe defendant.

Through a special appearance, Hernandez moved to quash service of summons on three grounds. First, he asserted the summons was deficient because it failed to identify him by name and therefore it did not provide him sufficient notice of the lawsuit. Second, he contended the plaintiffs did not properly serve him with the complaint and summons. The plaintiffs attempted to serve Hernandez by hand delivering and mailing copies of the complaint and summons to the corporate office of a company that owns a subsidiary company that employs Hernandez. According to Hernandez, the plaintiffs' service attempts did not constitute a lawful method of service under Code of Civil Procedure section 415.10 et seq.[2] Third, Hernandez argued California courts did not have personal jurisdiction over him because he was a citizen and resident of Mexico with no connection to California.

On October 31, 2019, the trial court granted the motion to quash service of summons. It found: (1) the summons and complaint were not served on Hernandez in the manner required by law, and (2) California courts did not have personal jurisdiction over Hernandez. On November 4, 2019, Hernandez filed and served a notice of entry of the order granting the motion to quash service of summons.

---

[2] Further undesignated statutory references are to the Code of Civil Procedure.

On November 9, 2019, the trial court dismissed Hernandez from the case in light of its prior ruling on the motion to quash service of summons. On November 21, 2019, Hernandez filed and served a notice of entry of the dismissal order.

The plaintiffs filed a notice of appeal on January 21, 2020.

III

DISCUSSION

A

*Appealability*

There is some uncertainty between the parties as to which order or judgment the plaintiffs have appealed and, therefore, the extent to which we have appellate jurisdiction over the issues presented in the plaintiffs' appeal.

In their notice of appeal, the plaintiffs did not specify by caption the order or judgment they were appealing. However, they checked a preprinted checkbox on the notice of appeal indicating they were appealing "[a]n order or judgment under Code of Civil Procedure § 904.1 (a)(3)–(13)[.]" An order granting a motion to quash service of summons is appealable under section 904.1, subdivision (a)(3). Therefore, the plaintiffs' checking of the preprinted checkbox suggests they were appealing, or attempting to appeal, the order granting Hernandez's motion to quash service of summons.

On the other hand, the notice of appeal identifies November 19, 2019 as the date of the order or judgment from which the plaintiffs were appealing. This was the date of the order dismissing Hernandez from the lawsuit. Further, the plaintiffs appended the November 19, 2019 dismissal order to the Civil Case Information Statement they filed with this court. On the Civil Case Information Statement, the plaintiffs also added a notation that the order they were appealing "[d]ispose[d] of everything against Respondent."

4

Thus, the plaintiffs may have been appealing, or attempting to appeal, the order dismissing Hernandez from the lawsuit.

To the extent the plaintiffs sought to appeal the order granting Hernandez's motion to quash service of summons, the plaintiffs' appeal is untimely. Under California Rules of Court, rule 8.104, "a notice of appeal must be filed on or before the earliest of: (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or (C) 180 days after entry of judgment."[3]

Here, the earliest of these three dates was 60 days after Hernandez's service of the notice of entry of the order quashing service of summons. Hernandez served the notice of entry on November 4, 2019. Therefore, if the plaintiffs wished to appeal the order granting the motion to quash service of summons, they were required to file their notice of appeal on or before January 3, 2020. (Rule 8.104(a)(1)(B).) However, they did not file their notice of appeal until January 21, 2020. "A timely notice of appeal, as a general matter, is 'essential to appellate jurisdiction.'" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.) "Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal." (*In re Jordan* (1992) 4 Cal.4th 116, 121.) Therefore, any purported

---

[3]    Further undesignated rule references are to the California Rules of Court.

appeal of the order quashing service of summons is untimely and not properly before us.

Insofar as the plaintiffs appeal from the order of dismissal, we have appellate jurisdiction to consider the order. Section 581d provides that "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case." The dismissal order at issue in this case meets these requirements. Therefore, we construe the dismissal order as an appealable judgment under section 581d. (See *City of Los Angeles v. City of Los Angeles Employee Relations Bd.* (2016) 7 Cal.App.5th 150, 156–157.) Further, Hernandez served the notice of entry of the dismissal order on November 21, 2019, and the plaintiffs filed their notice of appeal on January 21, 2020—within the timeframe to appeal.[4] Therefore, the appeal of the dismissal order is timely and properly before us.

B

*The Plaintiffs Have Not Demonstrated Reversible Error*

The plaintiffs' sole argument on appeal is that the trial court erred in finding that California courts lacked personal jurisdiction over Hernandez. Irrespective of the ostensible merits of this argument, the plaintiffs have not demonstrated reversible error for at least two reasons.

First, the trial court addressed the issue of personal jurisdiction in its order granting Hernandez's motion to quash service of summons. As noted in the preceding section, that order was separately appealable. (§ 904.1,

---

[4]    The deadline to appeal was January 20, 2020, i.e., 60 days from the date the notice of entry of the dismissal order was served. (Rule 8.104(a)(1)(B).) However, because January 20, 2020 was a holiday, the deadline was extended to January 21, 2020. (§§ 12 et seq., 135.)

6

subd. (a)(3).)  However, as stated, the plaintiffs did not timely appeal the order granting the motion to quash service of summons.  "If an order is appealable, … and no timely appeal is taken therefrom, the issues determined by the order are res judicata." (*In re Matthew C.* (1993) 6 Cal.4th 386, 393, superseded by statute on another ground as recognized in *People v. Mena* (2012) 54 Cal.4th 146, 156; see *In re Marriage of Williamson* (2014) 226 Cal.App.4th 1303, 1318; *In re Marriage Gruen* (2011) 191 Cal.App.4th 627, 638.)  Because the plaintiffs did not timely appeal the order granting the motion to quash service of summons, the doctrine of res judicata bars the plaintiffs from challenging the issues addressed in that order—namely, the issue of personal jurisdiction.

Second, the plaintiffs make no arguments regarding the trial court's finding that they failed to serve Hernandez with the summons and complaint in a manner required by law.  "As with any civil appeal, we must presume the judgment is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the judgment." (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251.)  "Issues do not have a life of their own:  if they are not raised or supported by argument or citation to authority, [they are] waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)  Because the plaintiffs have forfeited any arguments pertaining to their alleged failure to effect proper service of summons on Hernandez, we must affirm.

IV

DISPOSITION

The judgment is affirmed.  Hernandez shall recover his costs on appeal.


McCONNELL, P. J.

WE CONCUR:


HALLER, J.


AARON, J.