Filed 12/2/21  P. v. Morales CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076844 |
| v. | (Super.Ct.No. RIF1701355) |
| ROGELIO VERGARA MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., Judge.  Dismissed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Rogelio Vergara Morales and his wife, Mireya Arias, were involved in a plan to file gender discrimination lawsuits against minority owned hair salons and dry cleaners. Each would enter a hair salon or dry cleaner, and if Arias was charged more, defendant, an attorney, would file gender discrimination lawsuits against the businesses pursuant to Civil Code section 51.6, the Gender Tax Repeal Act of 1995. Defendant harassed an attorney, Rosa Sahagun, who helped some of the victims defend against the lawsuits and who organized a demonstration against these gender discrimination lawsuits at defendant's law office; he also disobeyed a restraining order she had obtained. Defendant was convicted of 62 counts. Relevant here, in count 51, he was convicted of a violation of Penal Code section 646.9, subdivision (b).[1]

Defendant filed a first appeal. In an unpublished opinion filed on June 18, 2021, in *People v. Rogelio Morales, et al*, case No. E072462 (Prior Opinion), this court reversed numerous counts against defendant, but upheld count 51 as defendant had raised no claim that this count should be reversed.[2] This court vacated defendant's sentence and remanded for retrial on several counts and resentencing, including on count 51. While the appeal was pending, defendant sent a letter to the trial court contending the abstract of judgment filed on October 2, 2020, should be corrected because it reflected he was convicted of a violation of section 646.9, subdivision (b),

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On September 29, 2021, at the request of the People, we took judicial notice of the record in defendant's prior appeal, case No. E072462.

2

but he was charged in the information with a violation of section 646.9, subdivision (a). The trial court entered an order that no action would be taken. Defendant now appeals this order by the trial court arguing that the trial court's sentence on count 51 was unauthorized because the charging documents gave defendant notice that he was charged only under section 646.9, subdivision (a), and not subdivision (b). We dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY[3]

During a few months in 2016, defendant and Arias entered into several beauty shops and dry cleaners in Riverside County, each receiving haircuts or dropping off clothes for dry cleaning. If Arias paid more for her service, defendant would file a gender discrimination lawsuit on Arias's behalf. Sahagun was also an attorney, and she helped some of the business owners who had been served with the gender discrimination lawsuits. She organized a protest in front of defendant's law office. It was held in July 2016 and there were at least 50 people present. After the protest, posts appeared on the Facebook page for Sahagun's law office from an account belonging to defendant. There were approximately 60 posts from defendant on her Facebook page. In the posts, defendant called her a fraud and a "bitch lawyer." Defendant also posted that Sahagun was obsessed with him and in love with him. He sent her a private message that she seemed obsessed with him. Sahagun installed security cameras in her office and stopped

---

[3] The facts are derived from the Prior Opinion.

3

being at the office alone. She received other threatening messages from another account which she determined was controlled by defendant.

Based on the threatening messages, Sahagun filed a restraining order against defendant on July 27, 2016. This gave her emergency protection from defendant. The restraining order was granted on August 30, 2016. Defendant was ordered not to contact Sahagun in any way—either himself or through third parties. He was not to harass her. After the restraining order was granted, Sahagun received messages on her Facebook page from someone about defendant. It was determined that the messages were all sent from defendant's computer.

Defendant was charged in a first amended information on May 25, 2018, in count 51 with violating section 646.9, subdivision (a). The prosecutor presented count 51 to the jury as a violation of section 646.9, subdivision (b), as will be discussed in more detail, *post*. On December 3, 2018, a jury found defendant had violated section 646.9, subdivision (b) in count 51.

Defendant was sentenced to 22 years to be served in state prison on March 29, 2019. He was given a one year sentence on count 51. The amended abstract of judgment filed on October 2, 2020, reflected the one year sentence for a violation of section 646.9, subdivision (b).

Defendant filed his opening brief in his first appeal on April 2, 2020, and raised several claims, but did not raise the claim that he could not be convicted of a violation of section 646.9, subdivision (b), because the information only charged him with a violation of subdivision (a). Defendant also filed a supplemental

4

opening brief but did not raise the issue. In the Prior Opinion, we reversed most of the convictions against defendant, but upheld the violation of section 646.9, subdivision (b), in count 51. We vacated defendant's sentence and ordered the matter remanded for retrial on several counts and resentencing.

While the appeal was pending, on March 23, 2021, defendant filed a letter in the trial court requesting that the abstract of judgment be corrected. Specifically, he requested that it be amended because it incorrectly stated that he was convicted in count 51 of a violation of section 646.9, subdivision (b), when he was only charged in the information with violating section 646.9, subdivision (a). The trial court entered an order on March 23, 2021, that "No action is to be taken." Defendant sent another letter to the court on March 29, 2021, stating he had submitted a request for a correction of the trial transcript and abstract of judgment but had not received any response. The trial court filed an order on April 7, 2021, again ordering that "No action is to be taken."

Defendant filed a notice of appeal on April 5, 2021. Defendant requested that an attorney be appointed to represent him. He stated the grounds for appeal were "Denial of request to correct abstract of judgment." He filed a second appeal on April 28, 2021, from the order on April 7, 2021. The grounds were "Failure to correct fraudulent transcript and amend abstract." Defendant contends this appeal is authorized pursuant to section 1237, subdivision (b) ("An appeal may be taken by the defendant from . . . any order made after judgment, affecting the substantial rights of the party").

5

## DISCUSSION

Defendant claims in this appeal that the trial court's sentence on count 51 was unauthorized because the charging documents only gave him notice that he was charged under section 646.9, subdivision (a), and not subdivision (b).[4] Defendant seeks to have this court reduce his sentence by four months.

Initially, defendant contended in his notice of appeal that he was appealing the denial of a request to correct the abstract of judgment. Defendant did not acknowledge in his notice of appeal that an appeal had already been taken. In his opening brief in this appeal, defendant does not acknowledge that this court has already reviewed defendant's judgment in a prior appeal. In the Prior Opinion, we vacated defendant's sentence on count 51 and remanded for the trial court to retry several counts and resentence defendant. As such, to the extent that defendant is claiming he is only seeking to amend the abstract of judgment, the complained of

---

[4] Section 646.9, subdivision (a) provides, "Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking, punishable by imprisonment in a county jail for not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both that fine and imprisonment, or by imprisonment in the state prison." Subdivision (b) provides, "Any person who violates subdivision (a) when there is a temporary restraining order, injunction, or any other court order in effect prohibiting the behavior described in subdivision (a) against the same party, shall be punished by imprisonment in the state prison for two, three, or four years."

error on the abstract of judgment no longer exists as the sentence has been vacated.[5] The claim that the abstract of judgment must be corrected is moot.

Moreover, defendant's argument is not actually raising a sentencing question but rather a substantive argument seeking to have this court review his claim that the one-year term imposed on count 51 was unauthorized because it violated his due process right to notice. He argues due process requires that an accused be notified of the nature and cause of the action. The information did not provide notice to defendant that he was charged with a violation of subdivision (b) of section 646.9. As such, sentencing him under subdivision (b) violated his due process rights. He seeks to have his sentence reduced by four months. Such claim is not cognizable in this second appeal.

"[T]he defendant must file the notice of appeal within 60 days after rendition of judgment. [Citation.] . . . The purpose of the requirement of a timely notice of appeal is, self-evidently, to further the finality of judgments by causing the defendant to take an appeal expeditiously or not at all." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.) Moreover, if a defendant fails to raise a claim in a timely appeal, which was "(1) . . . ripe for decision by the appellate court at the time of the previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay" the claim in any subsequent appeal is waived. (*People v. Senior* (1995) 33

---

[5] We further note there was no error on the abstract of judgment as the jury convicted defendant of violating section 646.9, subdivision (b).

Cal.App.4th 531, 537-538.) The rationale underlying the use of the waiver rule is based on "various policy considerations, including the state's 'powerful interest in the finality of its judgments' [citation], the protection of 'scarce judicial resources' [citation], and the recognition that 'piecemeal litigation prevents the positive values of deterrence, certainty, and public confidence from attaching to the judgment.' " (*Id*. at p. 538.)

At the time the parties discussed the jury instructions after trial, the trial court noted that the elements of section 646.9, subdivision (b), had been met and that the prosecutor should prepare a jury verdict that set forth the elements. The prosecutor admitted that only section 646.9, subdivision (a), was charged in the information. Defendant objected. Nonetheless, the jury was given a verdict form that permitted it to find defendant guilty of section 646.9, subdivision (b). It entered a verdict finding him guilty of subdivision (b) of section 646.9. The trial court sentenced defendant to one year on count 51 on March 29, 2019.

Defendant filed his opening brief in the first appeal on April 2, 2020, and did not raise the claim that he could not be convicted of a violation of section 646.9, subdivision (b) because the information only charged him with a violation of subdivision (a). He provides no excuse for failing to previously raise the issue, and in in fact ignores that a prior appeal had been filed and adjudicated. There has been no factual or legal change since the prior appeal. The factual basis for the claim was the same when defendant filed his first appeal. Defendant cannot now raise the issue that should have been raised in the first appeal. The claim is waived.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

RAPHAEL _____

J.