Filed 5/30/24  P. v. Satcher CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MELVIN LEE SATCHER,<br><br>      Defendant and Appellant. | E081359<br><br>(Super.Ct.No. FVI1002158)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Reversed.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Eric A. Swenson, Felicity A. Senoski, Marvin E. Mizell, Deputy Attorney Generals, for Plaintiff and Respondent.

Defendant and appellant Melvin Lee Satcher appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] section 1172.6.  The People concede there was error and that such error was not harmless.  For the reasons set forth *post*, we reverse the court's order and remand the case for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

A.   FACTUAL HISTORY

On September 21, 2009, Sandi Duncan's dead body was found.  She was shot twice.  Near the body, there were fresh tire tracks and shoe prints.  The shoe prints were of two different patterns.  One was a waffle pattern, the other had a ball in the front and a zigzag in the back.  The police checked Duncan's cell phone records, which showed that Duncan and defendant made several phone calls and "chirps" to each other.  The very last call to or from Duncan's phone was a chirp from Duncan to defendant at 11:36 a.m.

About a week after the killing, a police officer stopped a car driven by Phillip Franke with defendant in the passenger seat.  The officer searched the car and under the passenger seat he found a purse later identified as Duncan's.  The tires on the car matched the tire tracks found near the body and during an interview with defendant, he was wearing shoes that matched the ball-and-zigzag prints.

B.   PROCEDURAL HISTORY

On December 10, 2010, a jury found defendant guilty of:  (1) first degree murder under section 187 (count 1) and found true the allegation that in the commission of the

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

murder, a principal was armed with a firearm under section 12022, subdivision (a)(1); and (2) second degree robbery under section 211 (count 2).

On January 14, 2011, the trial court sentenced defendant to a prison term of 25 years to life, plus one year for the firearm allegation. For the robbery, defendant was sentenced to the upper term of five years, stayed pursuant to section 654.

On February 13, 2019, defendant filed an amended petition for resentencing pursuant to former section 1170.95, with attached exhibits.

On March 6, 2019, the prosecution filed a motion to strike defendant's amended petition, arguing that Senate Bill No. 1437 and section 1170.95 were unconstitutional. The prosecution attached this court's opinion in defendant's appeal of that conviction, *People v. Satcher*, *supra*, E052777, as an exhibit to the motion.

On February 21, 2020, the court denied the petition, finding defendant did not qualify for the relief requested and the petition did not establish a prima facie case for resentencing.

On April 17, 2023, defendant filed a second petition for resentencing under section 1172.6, with attached exhibits, and requested the appointment of counsel.

On April 25, 2023, the court denied the petition at the prima facie stage, without appointing counsel, finding the matter was "already adjudicated."

On May 19, 2023, defendant filed a notice of appeal.

**DISCUSSION**

THE TRIAL COURT ERRED IN SUMMARILY DENYING DEFENDANT'S

SECTION 1172.6 PETITION

On appeal, defendant contends "the trial court erred in denying appellant's 2023 petition on the basis that it was 'already adjudicated' "  The People "agree[] that the superior court erred by failing to appoint counsel, and it also agrees the error was not harmless under *People v. Watson* (1956) 46 Cal.2d 818."  For the reasons set forth *post*, we reverse the trial court's denial and remand the case for further proceedings.

A.     LEGAL BACKGROUND

Senate Bill No. 1437 amended "the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (2017-2018 Reg. Sess.)  (Stats. 2018, ch. 1015.)  Senate Bill No. 775 "expand[ed] . . . authorization to allow a person who was convicted of murder under any theory under which malice is imputed to a person based solely on that person's participation in a crime."  (Stats. 2021, ch. 551, § 1.)  It also instructed the trial court that, "Upon receiving a petition in which the information required by this subdivision is set forth . . . if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."  (§ 1172.6 subd. (b)(3).)

4

A section 1172.6 denial " 'at the first stage of prima facie review . . . is appropriate only if the record of conviction demonstrates that "the petitioner is ineligible for relief as a matter of law." [Citations.] This is a purely legal conclusion, which we review de novo.' " (*People v. Evrin* (2021) 72 Cal.App.5th 90, 101.)

## B. THE 2020 PETITION

Defendant argues the trial court incorrectly denied his 2020 petition because it engaged in prohibited factfinding and because he was denied effective assistance of counsel. The People interpret defendant's explanation of the deficiencies in the 2020 proceeding as being appealed here in their own right, although a more charitable interpretation is that defendant felt compelled to provide a full accounting of what happened in 2020 because the error in 2023 is rooted in the errors of 2020.

Insofar as defendant asks this court to cure any errors made at the 2020 hearing, we agree with the People that such a claim is not cognizable on appeal because it is untimely. "A timely notice of appeal . . . is 'essential to appellate jurisdiction.' " (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.) A notice of appeal in a criminal matter must be filed within 60 days after rendition of the judgment or the making of the order being appealed. (Cal. Rules of Court, rule 8.308(a).) Otherwise, the judgment becomes final. (*People v. McKenzie* (2018) 25 Cal.App.5th 1207, 1214.) Consequently, defendant's claims regarding the 2020 petition are not cognizable in this appeal.

5

C.    THE 2023 PETITION

The court denied the 2023 petition, without appointing counsel, on the grounds that the issue was "already adjudicated."  Defendant argues this was in error because "the prior denial occurred before *People v. Lewis*" and "the current denial on the basis that the issue was 'already adjudicated' was based on the prior court's erroneous conclusion" as "[n]othing in the instructions or verdict compelled a finding of ineligibility as a matter of law."  The People agree that there was error, albeit for a slightly different reason.  Specifically, the People state "because appellant had filed a facially sufficient petition by checking all of the required boxes and requested counsel to represent him, the court was required to appoint counsel to represent appellant before it decided whether he had made a prima facie case."  The People also concede that the error was not harmless, agreeing with defendant that the existing record does not conclusively establish that he was ineligible as a matter of law.

Because a denial at the first stage of prima facie review is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law that is the pertinent issue before this court.  In the present matter, the record demonstrates that defendant was not ineligible as a matter of law.  The jury was instructed on the now-invalid theory of felony murder by a coparticipant, under CALCRIM 540B.  Accordingly, defendant has made a prima facie showing and is entitled to an evidentiary hearing.  Though the trial court was correct that the appellate opinion did not discuss guilt under a natural and probable consequences theory, it also

6

did not discuss the felony murder instruction. As such, the significance of the felony murder instruction was not "already adjudicated." Given this, the trial court's denial of the petition on such grounds was in error, and the error was not harmless because the record does not demonstrate ineligibility as a matter of law.

## DISPOSITION

The order denying defendant's petition is reversed. The matter is remanded for further proceedings pursuant to section 1172.6, subdivisions (c) and (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

Acting P. J.

We concur:

FIELDS

J.

RAPHAEL

J.

7