Filed 7/31/24  P. v. Badue CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>STEVE BADUE,<br><br>      Defendant and Appellant. | A168625<br><br>(San Francisco City & County Super. Ct. Nos. 235280, 20010607) |

In September 2020, a BART station agent contacted the police after defendant Steve Badue ignored her request to stop masturbating behind her booth.  The San Francisco District Attorney filed a felony complaint charging defendant with one count of felony indecent exposure with a prior conviction (Pen. Code,[1] § 314, subd. (1)) and one count of misdemeanor engaging in lewd conduct (§ 647, subd. (a)).

In April 2022, at his arraignment hearing, defendant made a *Faretta*[2] motion, which the trial court denied.

A little over a year later, in June 2023, as part of a negotiated disposition, a subsequently filed information was amended to add one count

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).

of misdemeanor trespass (§ 602, subd. (m)). Defendant then pleaded no contest to the trespass count, and the trial court dismissed the remaining two counts and sentenced defendant to time served (180 days in county jail).

Defendant filed a notice of appeal, in propria persona, from the judgment entered following his plea agreement, indicating he intended to challenge the validity of several warrants issued after he failed to appear at hearings. His request for a certificate of probable cause, filed simultaneously with his notice of appeal, seems to enlarge the scope of his appeal to include a challenge to the merits of the underlying charges and to the trespass charge to which he pleaded no contest. The trial court denied the request.

Defendant's opening brief on appeal, filed by appointed counsel, raises one issue—that the trial court erred in denying his *Faretta* motion, which he made at the outset of arraignment—more than a year before he entered into a negotiated disposition and pleaded no contest.

Section 1237.5 provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, *except where both of the following are met*: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (Italics added.) The plain language of section 1237.5 makes it clear that no appeal shall be taken from a judgment of conviction upon a no contest plea unless a defendant *both* files a statement showing reasonable grounds going to the "legality of the proceedings" *and* obtains a certificate of probable cause.

Here, defendant has done neither.  Defendant did not cite to the denial of his *Faretta* motion either in his notice of appeal or in his request for a certificate of probable cause, and the trial court did not grant his certificate.

Citing to *People v. Robinson* (1997) 56 Cal.App.4th 363 (*Robinson*) defendant asserts the absence of a certificate of probable cause "does not bar" this court from addressing his claim as "[i]t has long been recognized that denial of a *Faretta* motion is not waived by a no contest plea."  The Attorney General agrees, also citing *Robinson*.  However, the parties have misread *Robinson*.

In *Robinson*, the defendant had obtained a certificate of probable cause. Indeed, the Court of Appeal specifically stated, "Having obtained a certificate of probable cause, defendant is therefore entitled to raise his *Faretta* claim in this appeal." (*Robinson, supra,* 56 Cal.App.4th at p. 370.)  The appellate court then explained, that even a "defendant who receives a certificate of probable cause after a guilty or no contest plea does not have carte blanche to raise any and all issues on appeal.  Rather, section 1237.5, subdivision (a), limits these appeals to those that raise 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.' " (*Robinson*, at pp. 368–369.)  The court went on to conclude "Compliance with *Faretta* is an issue unrelated to defendant's guilt, and constitutes grounds going to the legality of the proceedings," and "[h]aving obtained a certificate of probable cause, defendant [was] therefore entitled to raise his *Faretta* claim" on appeal.  (*Id.* at p. 370.)

In short, *Robinson* does not stand for the proposition that a certificate of probable cause is not required when challenging the denial of a *Faretta* motion prior to a guilty or no contest plea.  Rather, the case elucidated the now well-established principle that *if* a defendant obtains a probable cause

3

certificate to bring an appeal raising the issue, a plea pursuant to a negotiated disposition does not preclude challenging the denial of the motion.

Having failed to obtain a certificate of probable cause or raise any "noncertificate" issues, we decline to address his claim of *Faretta* error and dismiss the appeal.  (See § 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099 [to obtain review of "certificate issues," a defendant, who had pleaded guilty or nolo contendere, must have complied with § 1237.5 "fully, and, specifically, in a timely fashion," and this requirement should be strictly applied]; Cal. Rules of Court, rule 8.304(b)(3) ["If the defendant does not file the written statement required by Penal Code section 1237.5 or the superior court denies a certificate of probable cause, the appeal will be limited to issues that do not require a certificate of probable cause."].)

## DISPOSITION

The appeal is dismissed.

BANKE, ACTING P. J.

WE CONCUR:

LANGHORNE WILSON, J.

SIGGINS, J.*

A168625
*People v. Badue*

---

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.